**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EDITH WALLACE GREEN,
Individually,

    Plaintiff,

v.                                      Case No. 8:14-CV-3089-T-17EAJ

FCA CORPORATION, a Texas
corporation,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff's, EDITH WALLACE GREEN, Motion to Remand, (Doc. 9), filed January 9, 2015, and Defendant's, FCA CORPORATION, Response in Opposition, (Doc. 10), filed January 21, 2015.  For the reasons that follow below, Plaintiff's motion is **DENIED**.

## BACKGROUND

On July 17, 2013, Plaintiff sued Defendant for equitable accounting in connection with approximately $2,393,000 Plaintiff invested from March 15, 2005, through July 29, 2008.  (Doc. 9-1).  Plaintiff later amended her complaint to include additional factual allegations, but the amended complaint remained the single action for equitable accounting.  (Doc. 1).  On December 4, 2014, Plaintiff, through agreement of the parties and with permission of the state court, filed her Second Amended Complaint.  (Doc. 9). In her Second Amended Complaint, Plaintiff added five additional counts: 1) Breach of Florida Securities and Investor Protection Act ("FSIPA"); 2) Breach of Florida Adult Protective Services Act ("FAPSA"); 3) Fraud; and 4) Breach of Fiduciary Duty.  (Doc. 2).

On December 11, 2014, Defendant removed the Second Amended Complaint pursuant to 28 U.S.C. § 1441(a), commonly referred to as diversity jurisdiction.  (Doc. 1).  On January 9, 2015, Plaintiff moved to remand to state court, (Doc. 9), which Defendant opposed on January 21, 2015.  (Doc. 10).

## DISCUSSION

Plaintiff's motion must be denied because the Second Amended Complaint substantially changed the character of litigation so as to revive Defendant's option for removal.  "The 'revival exception' allows a defendant who fails to exercise his removal rights on the first available basis to newly assert the right to remove based on the occurrence of certain later events.  This narrow exception is limited to two types of cases: (1) where the plaintiff deliberately misleads a defendant about the true nature of the case until the thirty-day period expires; or (2) where an amended complaint 'fundamentally alters' the nature of the case to such an extent that it creates 'an essentially new lawsuit.'" Clayton v. EMC Mortg. Corp., 2010 WL 1817341 (M.D. Fla. 2010) (citing Doe v. Florida Intern. University Bd. of Trustees, 464 F.Supp.2d 1259, 1261 (S.D. Fla. 2006) (internal citations omitted)).  Long has been the law that defendants are not necessarily precluded from later removing a matter when a plaintiff files an entirely new and different cause of action.  See Clegg v. Bristol-Myers Squibb & Co., 285 B.R. 23, 30 (M.D. Fla. 2002) (citing Wilson v. Intercollegiate (Big Ten) Conference Athletic Association, 668 F.2d 962 (7th Cir. 1982)); see also Cliett v. Scott, 233 F.2d 269, 271 (5th Cir. 1956).

Here, Plaintiff's Second Amended Complaint alleges new, previously unpleaded: 1) causes of action; 2) alternative theories of recovery; 3) tortuous conduct of individuals and employees; 4) damages requests; and 5) jury demand, (Doc. 2); the Second

2

Amended Complaint transformed what was a bench trial for an equitable accounting into a potential jury trial for multiple, alternative theories of recovery with the possibility of punitive damages. In short, Plaintiff has changed the nature of the relief sought, and the manner in which she might obtain that relief. Plaintiff and Defendant do not dispute the original complaint was removable. (Doc. 9 at 5–7; Doc. 13 at 3). Plaintiff does not dispute Defendant removed this matter 30 days from the filing of the Second Amended Complaint. (Doc. 9). This Court finds the revival exception appropriate under these circumstances, and that Defendant has satisfied its burden for removal.

Accordingly, it is **ORDERED** that Plaintiff's Motion, (Doc. 9), is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of April, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record